UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| JAMES CHARLES THOMPSON, III, | |
| Plaintiff, | Civil No. 23-1598 (JRT/DJF) |
| v. | |
| PAUL SCHNELL, *Commissioner of Minnesota Prisons* et al., | **MEMORANDUM OPINION AND ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS ON APPEAL** |
| Defendants. | |

---

James Charles Thompson, III, SBI #01001793, Howard R. Young Correctional Institution, P.O. Box 9561, Wilmington, DE 19809, *pro se* plaintiff.

Plaintiff James Charles Thompson, III, is currently incarcerated at the Howard R. Young Correctional Institution in Delaware. (*See* Compl. at 4, May 30, 2023, Docket No. 1.) Pursuant to 42 U.S.C. § 1983, Thompson filed a complaint against Paul Schnell, Commissioner of Corrections in Minnesota, and many other prison system employees for denying mental health treatment, denying him appropriate medical care, and other mistreatment. (Compl. at 2, 5.)

Thompson applied to proceed on his § 1983 claim without prepaying fees or costs. (1st Appl. To Proceed without Prepaying Fees or Costs, May 30, 2023, Docket No. 2.) Magistrate Judge Dulce J. Foster denied Thompson's request based on the amount in his prisoner account. (1st Order at 3, June 5, 2023, Docket No. 3.) The Magistrate Judge required payment of the $350 filing fee within 30 days, or the action would be

recommended for dismissal for failure to prosecute. (*Id.* at 4.) Thompson filed a written document in response to the Magistrate Judge's order, but never paid the required fees. (Pl.'s Letter at 1, June 27, 2023, Docket No. 4.) The Court therefore dismissed the complaint without prejudice because no payment was received. (R. & R., July 14, 2023, Docket No. 5; Order Adopting R. & R., Aug. 8, 2023, Docket No. 6.) Thompson appealed the Court's dismissal of his case to the Eighth Circuit and has applied to proceed in forma pauperis ("IFP") on appeal. (Notice of Appeal, Sept. 13, 2023, Docket No. 8; 2nd Appl. to Appeal In Forma Pauperis ("2nd IFP Appl."), Sept. 13, 2023, Docket No. 9.)

A litigant who seeks to be excused from paying the filing fee for an appeal in a federal case may apply for IFP status under 28 U.S.C. § 1915. To qualify for IFP status, the litigant must demonstrate that they cannot afford to pay the full filing fee. 28 U.S.C. § 1915(a)(1). Even if a litigant is found to be indigent, however, IFP status will be denied if the Court finds that the litigant's appeal is not taken in good faith. *Id.* § 1915(a)(3). Good faith in this context is judged by an objective standard and not by the appellant's subjective point of view. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

A party to a district court action who desires to appeal IFP must also file a motion in the district court and attach an affidavit that (1) shows inability to pay or to give security for fees and costs; (2) "claims an entitlement to redress"; and (3) "states the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1); *see also* 28 U.S.C. § 1915(a)(1) (requiring the same). Here, the Court finds that Thompson fails to state the

issue that he intends to address on appeal, required under Federal Rule of Appellate Procedure 24(a). (Notice of Appeal at 2.) Instead, Thompson simply restates, and adds to, the accusations made in his original complaint. (*Id.*) This is not the basis for a proper appeal.

The Court takes seriously its duty to liberally construe Thompson's *pro se* filings. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (stating that a pro se complaint must be held to less stringent standards). However, "pro se litigants are not excused from failing to comply with substantive or procedural law." *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Without an explanation of the issues to be appealed, the Court is unable to determine whether the appeal is taken in good faith, as required by statute. 28 U.S.C. § 1915(a)(3).

The Court notes that the earlier dismissal of Thompson's complaint was without prejudice. This means that Thompson may file a new complaint again with the Court, which it will then consider if he pays the required filing fee.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's Motion and Affidavit for Permission to Appeal In Forma Pauperis [Docket No. 9] is **DENIED**.

DATED: September 28, 2023
at Minneapolis, Minnesota.

                                             JOHN R. TUNHEIM
                                     United States District Judge